# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARVIN RHODES,

        Plaintiff,

v.                                                        Case No. 08-C-50

DR. ENRIQUE LUY and ABC INSURANCE CO.,

        Defendants.

# ORDER

The plaintiff, Marvin Rhodes, a prisoner confined at the Fox Lake Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated by Dr. Enrique Luy. This matter comes before the court on the plaintiff's motion to proceed *in forma pauperis*.

Pursuant to this court's order dated January 18, 2008, the plaintiff has paid an initial partial filing fee of $15.78. Therefore, his motion to proceed *in forma pauperis* will be granted. *See* 28 U.S.C. § 1915(b).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when itlacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

2

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that defendant Luy, who was the inmate doctor at Fox Lake Correctional Institution, performed painful, disfiguring surgery on him without his consent instead of sending him to a dermatologist. (Complaint at 4-5.) Deliberate indifference to the serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, and thus is proscribed by the Eighth Amendment. *Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). To establish liability under the Eighth Amendment, a prisoner must show: (1) that the deprivation was sufficiently serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir.

3

1997)). A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

In the present case, the plaintiff alleges that the defendant failed to send the plaintiff to a dermatologist and instead performed a surgery (rather than the biopsy to which the plaintiff consented) on the plaintiff, causing pain and disfigurement. At this stage of the proceedings, it is unclear whether the defendant's actions rise to the level of deliberate indifference, as "[m]ere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference." *Edwards v. Snyder*, 478 F.2d 827, 831 (7th Cir. 2007). However, the court has been instructed to construe such doubts in the plaintiff's favor. *See Erickson*, 127 S. Ct. at 2200. Therefore, the plaintiff may proceed on an Eighth Amendment claim with regard to defendant Luy.

Defendant ABC Insurance Company must be dismissed, as the plaintiff does not allege any action or inaction by the insurance company. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("some causal or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery"). It should also be noted that there may be a viable affirmative defense of *collateral estoppel* with regard to the issue of whether the plaintiff exhausted his administrative remedies, as the plaintiff acknowledges he previously filed a claim arising from the same events in *Rhodes v. Luy*, No. 07-448 (W.D. Wis. 2007). In

4

that case, United States District Judge Shabaz ruled that the plaintiff had failed to exhaust his administrative remedies. *Id.*, slip op. at 2 (W.D. Wis. Nov. 19, 2007). *See also, Solar v. Merit Sys. Protection Bd.*, 600 F. Supp. 535 (S.D. Florida, 1984) (holding that court's ruling in the plaintiff's initial case that the plaintiff had failed to exhaust his administrative remedies was controlling on the issue of exhaustion in the plaintiff's second case). The plaintiff appears to have done nothing further to exhaust his administrative remedies after Judge Shabaz dismissed his previous complaint.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #3) is **GRANTED.**

**IT IS FURTHER ORDERED** that defendant ABC Insurance Company is **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided at 28 U.S.C. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because

5

*in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendant shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that Fox Lake Correctional Institution shall collect from the plaintiff's prison trust account the $334.22 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Warden of the Fox Lake Correctional Institution, where the inmate is confined, and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out

6

identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 17th day of June, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

7

Case 2:08-cv-00050-JPS   Filed 06/17/08   Page 7 of 7   Document 7