# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARVIN RHODES,

        Plaintiff,

v.                                                                                                             Case No. 08-CV-50

DR. ENRIQUE LUY,

        Defendant.

# ORDER

The plaintiff, Marvin Rhodes, a prisoner confined at the Fox Lake Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. By order of June 17, 2008, the plaintiff was permitted to proceed on a claim that Dr. Enrique Luy violated his Eighth Amendment rights by performing painful, disfiguring surgery on him without his consent. This matter now comes before the court on the defendant's motion for summary judgment. Also before the court are the plaintiff's motions for payment of the balance of the filing fee from his release account, to appoint a medical expert witness, to reply to the defendant's answer, for leave to file an amended complaint, and to appoint counsel.

## I.    DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Summary judgment is required "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a

summary judgment motion; "the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." *Id.* For the fact to be material, it must relate to a dispute that "might affect the outcome of the suit." *Id.*

Although summary judgment is a useful tool for isolating and terminating factually unsupported claims, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986), courts should act with caution in granting summary judgment, *Anderson*, 477 U.S. at 255. When the evidence presented shows a dispute over facts that might affect the outcome of the suit under governing law, summary judgment must be denied. *Id.* at 248.

The moving party bears the initial burden of demonstrating that he is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323. Where the moving party seeks summary judgment on the ground that there is an absence of evidence to support the nonmoving party's case, the moving party may satisfy its initial burden simply by pointing out the absence of evidence. *Id.* at 325. Once the moving party's initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. *Id.* at 323-24. Neither party may rest on mere allegations or denials in the pleadings, *Anderson*, 477 U.S. at 248, or upon conclusory statements in affidavits, *Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1572 (1989). In evaluating a motion for summary judgment, the court must draw all inferences in a

light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record - only those inferences that are reasonable." *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991).

**A.     Facts**

The following facts are taken from the complaint, from the proposed findings of fact submitted by the plaintiff and by the defendant, and from the affidavits of the plaintiff and of Tom Gozinske. The plaintiff is an inmate at the Fox Lake Correctional Institution (FLCI). The defendant was a medical doctor at FLCI. On August 16, 2006, the defendant performed surgery on a rash on the plaintiff's arm although the plaintiff had consented only to undergo a biopsy of the rash. The plaintiff received numerous stitches on his arm, which was in a sling for two weeks. The defendant told the plaintiff that it would take three to four months for the surgery to completely heal. The plaintiff suffered lasting pain for well over a year and has a four-and-a-half-inch scar on his arm, which he feels is an unnatural disfigurement. The defendant failed to order any kind of physical therapy.

On January 10, 2007, the plaintiff filed offender complaint number FLCI-2007-3597, complaining that the defendant had performed a surgery on his arm, although the plaintiff had consented only to a biopsy, and that he was still having a lot of pain in his arm. The plaintiff explained that he waited five months to file the complaint because the defendant told him it would take several months to heal. The inmate complaint was rejected as untimely because DOC 310.09(6)

states that an inmate shall file a complaint within 14 days after the occurrence giving rise to the complaint. Although a complaint examiner may accept a late complaint for good cause, the complaint was, nonetheless, rejected because five months was deemed an excessively long time to wait before filing the complaint.

**B.    Analysis**

The defendant seeks summary judgment due to the plaintiff's failure to properly exhaust administrative remedies, as the plaintiff filed only one inmate complaint, which was deemed untimely because it was filed nearly five months after the surgery. The defendant also contends that collateral estoppel bars the plaintiff from contesting the issue of exhaustion, because United States District Judge John C. Shabaz previously ruled in *Rhodes v. Luy*, No. 07-448 (W.D. Wis. 2007) that the plaintiff's untimely inmate complaint failed to exhaust administrative remedies.

In response, the plaintiff filed a motion captioned "Opposing Cross-Motion for Summary Judgment." (Docket #23.) This motion, and its accompanying brief, ask the court to deny the defendant's motion for summary judgment. The plaintiff argues that there were no administrative remedies available for him to exhaust, because he sought money damages unavailable through the administrative process.

Exhaustion of administrative remedies is a condition precedent to suit. *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (citing *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999)). The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. 104-134, 110 Stat. 1321 (1996), provides:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e)a.

The PLRA exhaustion requirement requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines."). The plaintiff is required to file inmate complaints and appeals in the time and manner set forth in the Wisconsin Administrative Code. *See Riccardo v. Rausch*, 375 F.3d 521, 253 (7th Cir. 2004) ("Prisoners must follow state rules about the time and content of grievances."); *see also Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002) ("prisoner[s] must file complaints and appeals in the place, and at the time, the prison's administrative rules require.") (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). In Wisconsin, an inmate must file a complaint within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09(6).

The plaintiff in this case underwent surgery on August 16, 2006, and filed his inmate complaint on January 10, 2007. Because the plaintiff claims that the defendant exceeded the scope of consent by performing significant surgery rather than a small biopsy on August 16, 2006, his complaint should have been filed within fourteen days of the surgery, by August 30, 2006. The plaintiff explains that he was

-5-

Case 2:08-cv-00050-JPS    Filed 02/26/09    Page 5 of 9    Document 38

waiting to see if his arm would heal, which the defendant told him could take three to four months. Even allowing for the plaintiff to wait the entire four months after the date of the surgery to arrive at a December 16, 2006, date of "non-healing," the fourteen-day deadline would still require the plaintiff to file his complaint by December 30, 2006. Thus, even accepting the plaintiff's explanation, his complaint remains untimely and he failed to properly exhaust his administrative remedies.

The plaintiff argues that he was not required to undertake the inmate complaint process because he sought only money damages, which he asserts are not available as an administrative remedy. The United States Supreme Court has rejected this argument, stating: "[e]ven when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth v. Churner*, 532 U.S. 731, 741 [2001]). The plaintiff cites *Gabby v. Meyer*, 390 F. Supp.2d 801 (E.D. Wis. 2005), for the proposition that no further administrative action could supply any remedy for him, making exhaustion unnecessary. That case is distinguishable from plaintiff's situation. In *Gabby*, the inmate filed a timely grievance regarding his throat cancer and prison officials provided the requested treatment, but not until after the inmate suffered a burst artery. In that case, no further administrative relief was available, because the inmate had already received the medical treatment he sought, and the harm from delayed treatment had already been sustained. In the present case, however, the plaintiff alleges that he continued to suffer ongoing pain for more than a year after his surgery, but he failed to file a timely complaint. Even

though the plaintiff may not have been able to obtain money damages through an inmate complaint, other potential remedies were available, such as additional medical treatment to minimize the disfiguring scarring or medication or physical therapy to address his continuing pain. *See Perez v. Wisconsin Dept. Of Corr.*, 182 F.3d 532, 536-537 (7th Cir 1999) ("No one can know whether administrative requests will be futile . . . administrative remedies can help even when the prisoner wants damages . . . Wisconsin might decide, in response to an administrative request, to change his medical regimen").[1] Therefore, the plaintiff's failure to exhaust his administrative remedies by filing a timely inmate complaint requires that the defendant's motion for summary judgment be granted and that this case be dismissed under 42 U.S.C. § 1997e(a).[2]

## II. PLAINTIFF'S MOTIONS

Because this case is being dismissed, the plaintiff's motions for counsel, for the appointment of an expert medical witness, and to reply to the defendant's answer are all denied as moot.

The plaintiff also filed a motion for leave to file an amended complaint on September 9, 2008, stating that he wishes to add claims under the Federal Torts

---

[1] A June 26, 2007 letter from the FLCI Health Services Manager states that the peer review committee does "not recommend referral to a plastic surgeon or pain clinic" and instead "recommend[s] that [plaintiff] use the arm more to help break up the adhesions." (Complaint, Exhibit F.) This letter does not establish that a timely inmate grievance (rather than one filed nearly five months after the surgery) would have been futile, as different medical options and recommendations might have been available shortly after the surgery, compared to those deemed appropriate many months later. In addition, this letter suggests that the plaintiff might have been able to reduce his pain if he had sought help earlier and been advised to use the arm more.

[2] Having determined that the plaintiff's complaint must be dismissed for failure to exhaust administrative remedies, the court will not analyze whether Judge Shabaz's previous dismissal order also bars the plaintiff's claim.

Claim Act (FTCA) and under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The Bivens case authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers, and the only proper defendant in an FTCA action is the United States. Neither type of suit is applicable here, where the sole defendant is a state, rather than federal, employee. The plaintiff's motion to file an amended complaint is, therefore, denied.

Finally, on June 26, 2008, the plaintiff filed a motion for filing fees to be paid from his release account. He requests that the court order Fox Lake Correctional Institution to take the remainder of the filing fee out of his release account. In light of the plaintiff's request that prison officials take the remainder of the filing fee ($334.22) out of his release account, the warden at Fox Lake Correctional Institution will be directed to submit to the Clerk of Court within 21 days of the date of this order the $334.22 balance of the filing fee. *See Doty v. Doyle*, 182 F. Supp. 2d 750, 751-52 (E.D. Wis. 2002).

Accordingly,

**IT IS ORDERED** that the defendant's motion for summary judgment (Docket #16) is **GRANTED** and that this case be and hereby is **DISMISSED** without prejudice under 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that the plaintiff's cross-motion for summary judgment (Docket #23) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion (Docket #9) for an order directing Fox Lake Correctional Institution to take the remainder of the filing fee out of his release account is **GRANTED**. The warden at Fox Lake Correctional Institution shall submit to the Clerk of Court within 21 days of the date of this order the $334.22 balance of the filing fee.

**IT IS FURTHER ORDERED** that the plaintiff's motions for appointment of counsel (Docket #34), to reply to the defendant's answer (Docket #30), to appoint a medical expert witness (Docket #27), and for leave to file an amended complaint (Docket #33) are all **DENIED** as moot.

The Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of February, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-9-

Case 2:08-cv-00050-JPS   Filed 02/26/09   Page 9 of 9   Document 38