# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARVIN RHODES,

        Plaintiff,

v.                                                   Case No. 08-C-50

DR. ENRIQUE LUY,

        Defendant.

# ORDER

The plaintiff, Marvin Rhodes, a prisoner confined at the Fox Lake Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On February 26, 2009, the court granted the defendant's motion for summary judgment and denied the plaintiff's cross-motion for summary judgment. Judgment was entered dismissing this action on the same day. On March 9, 2009, the plaintiff filed a motion, pursuant to Federal Rule of Civil Procedure 59(e), asking the court to alter its February 26, 2009 order granting summary judgment for the defendant.

1. **Rule 59(e) Standard of Review**

Federal Rule of Civil Procedure 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."[1] Rule 59(e) allows the court to alter or amend a judgment if there is newly discovered evidence or an intervening change in the law or if the judgment reflects a manifest

---

[1] Pursuant to the "mailbox rule," *see Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001), papers filed by a prisoner are deemed filed on the date they are given to prison authorities for mailing. The mailbox rule applies to motions filed pursuant to Fed. R. Civ. P. 59(e). *See id.* In this case, the plaintiff placed his motion in the institution's mailbox on March 4, 2009. Thus, the motion is timely filed.

error of the law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). A "manifest error" is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quotation marks and citation omitted).

Reconsideration is appropriate, generally speaking, only when the court overlooked or misunderstood something; it is generally not a vehicle to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

**2.     Court's Decision and Order of February 26, 2009**

On February 26, 2009, the court granted the defendant's motion for summary judgment. This case is based on the plaintiff's claim that the defendant violated his Eighth Amendment rights by performing painful, disfiguring surgery on him without his consent. The court ruled, however, that the defendant was entitled to summary judgment due to the plaintiff's failure to properly exhaust administrative remedies:

> Exhaustion of administrative remedies is a condition precedent to suit. *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (citing *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999)). The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. 104-134, 110 Stat. 1321 (1996), provides:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e)a.

The PLRA exhaustion requirement requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines."). The plaintiff is required to file inmate complaints and appeals in the time and manner set forth in the Wisconsin Administrative Code. *See Riccardo v. Rausch*, 375 F.3d 521, 253 (7th Cir. 2004) ("Prisoners must follow state rules about the time and content of grievances."); *see also Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002) ("prisoner[s] must file complaints and appeals in the place, and at the time, the prison's administrative rules require.") (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). In Wisconsin, an inmate must file a complaint within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09(6).

The plaintiff in this case underwent surgery on August 16, 2006, and filed his inmate complaint on January 10, 2007. Because the plaintiff claims that the defendant exceeded the scope of consent by performing significant surgery rather than a small biopsy on August 16, 2006, his complaint should have been filed within fourteen days of the surgery, by August 30, 2006. The plaintiff explains that he was waiting to see if his arm would heal, which the defendant told him could take three to four months. Even allowing for the plaintiff to wait the entire four months after the date of the surgery to arrive at a December 16, 2006, date of "non-healing," the fourteen-day deadline would still require the plaintiff to file his complaint by December 30, 2006. Thus, even accepting the plaintiff's explanation, his complaint remains untimely and he failed to properly exhaust his administrative remedies.

(Court's Order of February 26, 2009, at 4-6.)

**3.     Plaintiff's Motion to Alter Judgment**

In support of his motion to alter the judgment, the plaintiff states that the court "missed some key issues." (Pl. Mot. to Alter Judg. at 3.) Specifically, the plaintiff argues that he showed "good cause by trying to resolve his exhaustion of administrative remedies as he was advised to do so by the Inmate Complaint Investigator, Tom Gozinske, when plaintiff filed his complaint of January 10, 2007." *Id.* In addition, the plaintiff states that on June 21, 2007, "the Peer Review Committee doctors' [sic] gave a time frame of one year for plaintiff's surgery to heal. Therefore, plaintiff should have had as of June 21, 2007 [sic] to file his inmate's grievance." *Id.* Finally, the plaintiff argues that potential remedies that might have been available through the administrative process (such as additional medical treatment or referral to a specialist) "were refused by medical staff." *Id.* at 4-5.

**4.     Analysis**

The plaintiff's "good cause" argument is somewhat unclear. It appears that the plaintiff believes that his subsequent pursuit of an administrative remedy should excuse his tardy filing of his initial inmate complaint. However, as the court previously noted in its summary judgment order:

> a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines."). The plaintiff is required to file inmate complaints and appeals in the time and manner set forth in the Wisconsin Administrative Code. *See Riccardo v. Rausch*, 375 F.3d 521, 253 (7th Cir. 2004) ("Prisoners must follow state rules about the time and content of grievances."); *see also Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002) ("prisoner[s] must file

-4-

> complaints and appeals in the place, and at the time, the prison's administrative rules require.") (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). In Wisconsin, an inmate must file a complaint within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09(6).

(Court's Order of February 26, 2009, at 5.) While Wis. Admin. Code § DOC 310.09(6) provides that "the inmate complaint examiner may accept a late complaint for good cause," such good cause must be explained in the inmate complaint. *See State ex. rel. Laurich*, 2004 WI App 150, ¶ 15, 686 N.W.2d 668 ("if the inmate believes there are facts constituting 'good cause,' he or she must advise the institution complaint examiner by means of including the asserted facts in the complaint. The failure to reasonably apprise the institution complaint examiner, by means of the complaint itself, of the facts the inmate believes constitute 'good cause' waives the inmate's right to later complain that his or her complaint should have been accepted late for 'good cause.'") The plaintiff provides no support for his suggestion that subsequent diligence excuses late filing of an inmate complaint.

The plaintiff's argument that he should have had a year to file his initial inmate complaint because that is the full healing time frame for the surgery he received, is also unpersuasive. The plaintiff claims that he never consented to the surgery, which caused immediate and continuing pain and disfigurement. Thus, his claim arose when he underwent the surgery, as he was aware at that point that his rights had been violated. Subsequent healing might reduce the plaintiff's damages, but would not alter the date of the occurrence, which was when the surgery was performed without consent. In addition, as the court previously ruled, even adding

-5-

the period of time (four to five months after the surgery) that the plaintiff was initially advised might be required for a full recovery, his inmate complaint remains untimely. The fact that the plaintiff was advised **after** filing his complaint that his surgical site might continue to heal over a longer period (one year from the surgery), does not justify his tardy filing of the initial inmate complaint alleging that he had been subjected to major surgery without his consent.

Finally, the plaintiff suggests he was not required to timely exhaust administrative remedies because the medical staff later refused certain remedies he had requested. Both the Supreme Court and the Court of Appeals for the Seventh Circuit have repeatedly "held that there is no futility exception to the PLRA's exhaustion requirement." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 2000); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.") (citing *Booth v. Churner*, 532 U.S. 731, 741 (2001)). The exhaustion requirement applies when "*some* remedy is available to the inmate through the administrative process, even if not necessarily the relief desired." *Thornton v. Snyder*, 428 F.3d 690, 695 (7th Cir. 2005) (emphasis in original). Accordingly, the Seventh Circuit has hypothesized that:

> It is possible to imagine cases in which the harm is done and no further administrative action could supply any "remedy." ... Suppose the prisoner breaks his leg and claims delay in setting the bone is cruel and unusual punishment. If the injury has healed by the time suit begins, nothing other than damages could be a "remedy," and if the administrative process cannot provide compensation then there is no administrative remedy to exhaust.

-6-

*Perez v. Wisconsin Dep't. of Corr.*, 182 F.3d 532, 538 (7th Cir 1999). This is clearly not the case presented here, as the plaintiff contends that he continues to suffer ongoing pain and disfigurement. In addition, as the court's summary judgment decision notes:

> A June 26, 2007 letter from the FLCI Health Services Manager states that the peer review committee does "not recommend referral to a plastic surgeon or pain clinic" and instead "recommend[s] that [plaintiff] use the arm more to help break up the adhesions." (Complaint, Exhibit F.) This letter does not establish that a timely inmate grievance (rather than one filed nearly five months after the surgery) would have been futile, as different medical options and recommendations might have been available shortly after the surgery, compared to those deemed appropriate many months later. In addition, this letter suggests that the plaintiff might have been able to reduce his pain if he had sought help earlier and been advised to use the arm more.

(Court's Order of February 26, 2009, at 7, n. 1.)

The plaintiff's motion for reconsideration appears to be an attempt to re-argue issues that were settled in the summary judgment decision. The arguments in the plaintiff's motion do not demonstrate the court's February 26, 2009 order granting the defendant's motion for summary judgment contains a manifest error of law or fact. In addition, the plaintiff has not identified any newly discovered evidence or an intervening change in controlling law. Nor has he convinced the court that reconsideration is necessary to prevent manifest injustice. Therefore, the plaintiff's motion to alter the judgment under Rule 59(e), Fed. R. Civ. P., will be denied.

Accordingly,

-7-

Case 2:08-cv-00050-JPS   Filed 03/19/09   Page 7 of 8   Document 42

**IT IS ORDERED** that the plaintiff's motion under Rule 59(e), Fed. R. Civ. P., to alter the judgment (Docket #40) be and the same hereby is **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of March, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge